NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTONIO M. APODACA**

*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent.*

---

2009-3293

---

Petition for review of the Merit Systems Protection Board in AT0752090223-I-1.

---

Decided: June 10, 2010

---

ANTONIO M. APODACA, of Miami, Florida, pro se.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, FRIEDMAN and MOORE, *Circuit Judges*.

PER CURIAM.

Antonio Apodaca appeals from the final decision of the Merit Systems Protection Board (the "Board") dismissing his appeal for lack of jurisdiction. *Apodaca v. Dep't of Homeland Sec.*, No. AT-0752-09-0223-I-1 (M.S.P.B. July 24, 2009) ("*Final Order*"). Because the Board's decision that Apodaca retired voluntarily is supported by substantial evidence, we *affirm*.

## BACKGROUND

Apodaca was employed by the Department of Homeland Security as a Deputy Comptroller for the Coast Guard's Integrated Support Command ("ISC") in Miami, Florida. In November 2008, Apodaca's supervisor and the Comptroller for ISC, Anthony Alarid, ordered Apodaca to move his office from its current location to a location adjacent to Alarid's office. Alarid set a deadline of December 1, 2008 for Apodaca to change his office. Apodaca refused to change offices, informing Alarid that he would rather retire than change his office. Apodaca then told Alarid that he would retire effective January 3, 2009. However, following further discussions between the two, Apodaca told Alarid that he would retire on November 30, and that November 20 would be his last day at work as he intended to take leave thereafter. Alarid informed his Command Staff Advisor ("CSA") of Apodaca's intentions by e-mail.

On November 20, 2008, Apodaca cleaned his office, shredded his personal writing pads, and disposed of files stored in his office. That afternoon, Alarid collected Apodaca's government identification badge and office keys

from him.  On December 1, 2008, Apodaca submitted his retirement request form SF-52 to ISC, denoting an effective retirement date of November 30, 2008.  On the SF-52, Apodaca stated the reason for his retirement as the "imposition of constructive discharge conditions by the management."

On December 30, 2008, Apodaca filed an appeal to the Merit Systems Protection Board, claiming that his retirement was involuntary.  On March 9, 2009, the assigned administrative judge held a jurisdictional hearing in Miami, Florida, at which both Alarid and Apodaca testified as to the circumstances surrounding Apodaca's retirement.  The administrative judge found that Apodaca had retired voluntarily and dismissed the appeal for lack of jurisdiction.  The Board denied Apodaca's petition for review of the initial decision on July 24, 2009, and the administrative judge's decision became the final decision of the Board.  Apodaca timely appealed the Board's final decision to this court.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

### DISCUSSION

The scope of our review in an appeal from the Board's decision is limited.  We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c) (2000); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).  We review the Board's jurisdiction without deference. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).  However, "we are bound by the AJ's factual determinations unless those findings are not

supported by substantial evidence.” *Id.* Substantial evidence is “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” *McEntee v. Merit Sys. Prot. Bd.,* 404 F.3d 1320, 1325 (Fed. Cir. 2005) (quotation marks omitted).

Apodaca challenges the Board’s decision that he failed to prove by a preponderance of the evidence his allegations of coercion and duress by the agency so as to allow the Board to exercise jurisdiction over his appeal. He argues that his statements declaring his intentions to retire were mere contemplations of retirement. He argues that his responses to Alarid’s order to move his office were unrelated to the events that occurred on November 20, 2008, leading up to his retirement. He contends that on that day he was performing routine cleaning of his office and preparing to take leave when Alarid confiscated his badge and keys, thereby constructively discharging him. He further contends that he did not return to work at any time after that date because of the “malicious and unprofessional manner” in which he had been treated. He contends that the reason for submitting an SF-52 on December 2, with an effective date of November 30, was that he wanted to “mitigate his damages.” Moreover, he argues, the agency failed to follow checkout procedures required to terminate an employee. According to Apodaca, his retirement was forced upon him by the actions of his supervisor and was not voluntary. Therefore, he argues, the administrative judge and the Board erred in dismissing his claim for lack of jurisdiction.

The Board responds that there is no evidence that the agency imposed the terms of Apodaca’s retirement. It argues that Apodaca was in control of his retirement decision at all times, repeatedly rejecting his supervisor’s preferences in the matter and deciding himself both his

retirement date as well his last day at the office. The Board argues that contrary to Apodaca's assertions, Alarid pleaded with him not to retire or to at least stay till January 2009 in order to allow the process of hiring a replacement to be commenced. However, the Board points out, Apodaca refused to assist his supervisor in any way or change his retirement date. The Board notes that on November 20, Apodaca cleaned out his office. The Board contends that Alarid asked him for his badge and keys per the CSA's guidance and because he understood from Apodaca's prior statements that Apodaca was not returning to the facility after that date. The Board further points out that Apodaca submitted his retirement request voluntarily, at a time of his own choosing, and with an effective date that he had previously mentioned to his supervisor. The Board also notes that Apodaca never attempted to return to work. Under these facts, the Board argues, Apodaca cannot show that his retirement was a product of coercion by the agency or was otherwise involuntary. The Board urges us to affirm its dismissal of Apodaca's claim for lack of jurisdiction.

We conclude that the Board permissibly dismissed Apodaca's appeal for lack of jurisdiction. A decision to resign or retire is presumed to be voluntary. *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1123 (Fed. Cir. 1996). In order to overcome the presumption of voluntariness, a petitioner must make a non-frivolous allegation that the resignation or retirement was the product of misinformation, deception, or coercion by the agency. *Schultz v. Dep't of the Navy*, 810 F.2d 1133, 1135 (Fed. Cir. 1987). To establish involuntariness on the basis of coercion or duress, a petitioner must show that (1) the agency effectively dictated the terms of his retirement, (2) he had no realistic alternative but to retire, and (3) his retirement was the result of improper actions by the agency. *Garcia*

*v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (*en banc*). The test is an objective rather than subjective one; an employee's subjective feelings are irrelevant. *Middleton v. Dep't of Defense*, 185 F.3d 1374, 1379 (Fed. Cir. 1999).

On appeal, Apodaca primarily argues that, in finding the agency's actions justified, the administrative judge improperly relied on his statements to his supervisor leading up to November 20, 2008. He argues that his statements of his intention to retire were mere contemplations, pertaining to what he terms the "Exchange Office Situation" and were irrelevant to his "Constructive Discharge Claim." We are not persuaded by Apodaca's logic. Apodaca's actions and words clearly demonstrated that he did intend to retire and that his last day at the facility was November 20, 2008. His supervisor relied on his statements. The administrative judge was entitled to find Alarid's testimony credible. The e-mails exchanged between Alarid and his CSA support the administrative judge's finding, which was based on substantial evidence. The judge noted that Alarid's testimony was also consistent with other facts such as Apodaca cleaning his office, packing his personal items and circling dates on his calendar. Under such belief, it was proper for Alarid to ask Apodaca to submit an SF-52. As a departing employee's supervisor, Alarid was also required collect Apodaca's badge and keys. We agree with the Board that Alarid's actions were reasonable under the circumstances.

The administrative judge also reasoned that had Apodaca believed that he had been involuntarily discharged, he could have easily refused to submit an SF-52. Apodaca's argument that he submitted his retirement request and did not return to work because of the hostile manner in which he had been treated is not sufficient to satisfy

the demanding legal standard of proving that the agency coerced him to absent himself from work. *See Garcia*, 437 F.3d at 1329 ("[T]he doctrine of coercive involuntariness is a narrow one[,] requiring that the employee satisfy a demanding legal standard." (quotation marks omitted)). We find nothing in the evidence presented below to demonstrate that Apodaca was coerced into retirement. On the contrary, we agree with the Board that Apodaca was at all times in control of his retirement decision. The administrative judge found that the petitioner refused to accept any of his supervisor's suggestions with regard to his retirement and dictated the schedule of his departure. We agree with the administrative judge's findings and conclude that none of Apodaca's allegations are such that, if proven, would establish that a reasonable employee confronted with the same circumstances would feel coerced into retiring. *See Middleton*, 185 F.3d at 1379.

The Board's finding that Apodaca's retirement was voluntary is supported by substantial evidence. We have considered Apodaca's remaining arguments and find them unpersuasive. Accordingly, we *affirm* the Board's decision that it lacked jurisdiction over Apodaca's appeal.

## AFFIRMED

### Costs

No costs.